Case Name: *GEICO, et al. v. Chumaceiro, MD, et al.* Case Number: 1:20-CV -02220 (EK)(PK)

# **CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

  X   Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

  X   Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

  X   Medical and Legal Records, including medical files and reports.

  X   Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall ~~only~~ be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page~~.~~ or shall otherwise provide written notice that such documents, group of documents, or other materials subject to this Order are designated as "confidential".

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. ~~No~~Without waiver of any other rights of objection, no objection shall be

**Formatted:** Font: Garamond

interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys and their staff, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney (or their staff) for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by the court, counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(i) Within a reasonablesixty (60) days period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or

  destroyed by the recipients. The producing party shall decide if the confidential material should be returned or destroyed.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the reasonable costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(l) Should any party disclose patient and/or claim files and materials (the "Claim Files"), in order to facilitate prompt production of such material, and to protect confidential, protected, or privileged material that may be contained within the Claim Files, the parties hereby agree as follows:

  i. It is recognized that the Claim Files may contain attorney-client, attorney work-product, protected healthcare documents, or other confidential material (collectively, "Privileged/Protected Documents"). Nevertheless, the production of the Claim Files in this litigation is not a waiver by the producing party of any such privilege or protection and shall not constitute a waiver of the privileged or protected status of the material contained therein.

  ii. Before any documents from the Claim Files are made available to any other party, the producing party may if it chooses review each of the documents and assert any applicable privilege or protections for any Privileged/Protected Documents, though the producing party is not obligated to do so.

  iii. Regardless of whether the producing party chooses to review the documents and assert an applicable privilege/protection before the documents are made available to the other parties, if the other party elects to use a document from the Claim Files that the producing party deems privileged/protected, whether in a motion, during a deposition, or any other use permitted in this litigation, the producing party shall have up to fourteen (14) business days from the date of the other party's proposed use of any such document to object and recall such document on the basis that the document is a Privileged/Protected Document.

  iv Upon the producing party's objection and recall of said document(s), the other party shall not be able to use such document(s), directly or indirectly, nor refer to any of the information contained in such document(s), until the receiving party obtains an order from the Court overruling the producing party's claim of privilege or protection.

  v The parties agree that, to the extent any Claim Files are produced, such Claim Files are being disclosed solely for use in the above captioned litigation and for no other purpose.

3

Dated: _____, August 31, 2020                    Frank Tiscione, Esq.

                                                            /s/
                                                _____
                                                Counsel for Plaintiffs
                                                *Government Employees Insurance Company,*
                                                *GEICO Indemnity Company, GEICO General*
                                                *Insurance Company, and GEICO Casualty*
                                                *Company*

Dated: _____ August 31, 2020                    Keith J. Singer, Esq.

                                                            /s/
                                                _____
                                                Counsel for Defendants
                                                *Harmonized Acupuncture, PC and*
                                                *Ahram Um, L.Ac.*

Dated: _____, August 31, 2020                    Nicholas Bowers, Esq.

                                                            /s/
                                                _____
                                                Counsel for Defendants
                                                *A & P Holding Group Corp., Peter Khaim,*
                                                *Innovations Tech Group, LLC and Alex*
                                                *Buziashvili*


                                                **SO ORDERED:**

                                                *Peggy Kuo*
                                                _____
Dated: Brooklyn, New York                       PEGGY KUO
                                                United States Magistrate Judge
September 1, 2020

4

**EXHIBIT A**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____DATED: _____
[Signature]

Signed in the presence of:

_____
(Attorney)